UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TALIYAH BROOKS, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:22-cv-02433-JMS-TAB |
| vs. ) | |
| ) | |
| USA TRACK & FIELD, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT USA TRACK & FIELD, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant USA Track & Field, Inc.("Defendant"), by counsel, for its Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. Defendant admits that Plaintiff was a member of USA Track & Field from 2015 thru the end of 2022 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint.

7. With respect to the allegations of paragraph 7 of Plaintiff's Complaint, Defendant admits that it owes its member athletes certain duties under applicable law. Defendant denies any allegations in paragraph 7 that is inconsistent with applicable law.

## JURISDICTION AND VENUE

8. Defendant admits the allegations in paragraph 8 of Plaintiff's Complaint. However, subsequent to the filing of the Complaint, Defendant removed this action to this Court.

9. Defendant admits the allegations in paragraph 9 of Plaintiff's Complaint. However, subsequent to the filing of the Complaint, Defendant removed this action to this Court.

10. Defendant admits the allegations in paragraph 10 of Plaintiff's Complaint. However, subsequent to the filing of the Complaint, Defendant removed this action to this Court.

11. Defendant admits the allegations in paragraph 11 of Plaintiff's Complaint. However, subsequent to the filing of the Complaint, Defendant removed this action to this Court. Defendant admits that this Court has personal jurisdiction over it.

12. With respect to the allegations of paragraph 12 of the Complaint, Defendant admits that Marion County would be a preferred venue under Trial Rule 75 if this matter remained in state court. However, subsequent to the filing of the Complaint, Defendant removed this action to this Court.

## FACTUAL ALLEGATIONS

13. Defendant admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. With respect to the allegations in paragraph 14, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the Amateur Sports Act that is inconsistent with the meaning of the Amateur Sports Act as a whole.

15. With respect to the allegations in paragraph 15, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

16. With respect to the allegations in paragraph 16, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

17. With respect to the allegations in paragraph 17, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

18. With respect to the allegations in paragraph 18, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

19. With respect to the allegations in paragraph 19, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

20. With respect to the allegations in paragraph 20, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

21. With respect to the allegations in paragraph 21, the Amateur Sports Act speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provision that is inconsistent with the meaning of the Amateur Sports Act as a whole.

22. Defendant admits the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations in paragraph 24 of Plaintiff's Complaint.

25. With respect to the allegations in paragraph 25 and its subparts, the United States Olympic Committee ("USOPC") Bylaws speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted provisions that are inconsistent with the meaning of the USOPC Bylaws as a whole.

26. Defendant admits the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant admits it serves certain roles as the U.S. NGB for track and field and as the U.S. member federation of World Athletics. Defendant otherwise denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. With respect to the allegations in paragraph 31, the USATF Bylaws speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Bylaws as a whole.

32. Defendant admits the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendant admits the allegations in Paragraph 33 of Plaintiff's Complaint.

34. With respect to the allegations in paragraph 34, the USATF Bylaws speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Bylaws as a whole.

35. With respect to the allegations in paragraph 35, the USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

36. With respect to the allegations in paragraph 36, the USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

37. With respect to the allegations in paragraph 37, the USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

38. Defendant admits that U.S. athletes wishing to compete internationally in competitions sanctioned by World Athletics or in national championships in the U.S in the sport of Athletics must satisfy certain requirements. Defendant otherwise denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant admits the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendant admits that it has certain responsibilities and functions with respect to national championships under applicable law. Defendant otherwise denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint as stated. The USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

43. With respect to the allegations in paragraph 43, the USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

44. Defendant admits that it has certain responsibilities and functions with respect to U.S. Olympic Trials and U.S. National Championships under applicable law. Defendant otherwise denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. With respect to the allegations in paragraph 45, the USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

46. With respect to the allegations in paragraph 46, the USATF Operating Regulations speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced provision that is inconsistent with the meaning of the USATF Operating Regulations as a whole.

47. Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. With respect to the allegations of paragraph 48 of the Complaint, Defendant admits that it has certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. With respect to the allegations of paragraph 49 of the Complaint, Defendant admits that it has certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 49 of Plaintiff's Complaint.

50. With respect to the allegations of paragraph 50 of the Complaint, Defendant admits that its national office staff and CEO have certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. With respect to the allegations of paragraph 51 of the Complaint, Defendant admits that its national office staff and CEO have certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. With respect to the allegations in paragraph 52, the USATF Code of Ethics and Performance Guidelines speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced paragraph that is inconsistent with the meaning of the USATF Code of Ethics and Performance Guidelines as a whole.

53. Defendant admits that it has certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. With respect to the allegations in paragraph 54, the USATF Code of Ethics and Performance Guidelines speaks for itself and must be read as a whole. Defendant denies any interpretation of the referenced paragraph that is inconsistent with the meaning of the USATF Code of Ethics and Performance Guidelines as a whole.

55. Defendant admits that it has certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 55 and its subparts of Plaintiff's Complaint.

56. With respect to the allegations in paragraph 56, the Hayward Field Athlete Manual speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted language that is inconsistent with the meaning of the Hayward Field Athlete Manual as a whole.

57. Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. Defendant admits that it certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendant admits that it certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendant admits that it certain responsibilities and functions under applicable law. Defendant otherwise denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Defendant admits that it was aware of risks related to athletes competing in hot conditions but denies any other allegations that paragraph 61 of Plaintiff's Complaint may be making.

62. With respect to the allegations in paragraph 62, the ACSM Position Stand speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted language that is inconsistent with the meaning of the document as a whole.

63. With respect to the allegations in paragraph 63, the ACSM Position Stand speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted language that is inconsistent with the meaning of the document as a whole.

64. With respect to the allegations in paragraph 64, the ACSM Position Stand speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted language that is inconsistent with the meaning of the document as a whole.

65. With respect to the allegations in paragraph 65, the ACSM Position Stand speaks for itself and must be read as a whole. Defendant denies any interpretation of the quoted language that is inconsistent with the meaning of the document as a whole.

66. With respect to the allegations in paragraph 65, the ACSM guidelines speaks for themselves and must be read as a whole. Defendant denies any interpretation of the guidelines that is inconsistent with the meaning of the document as a whole.

67. With respect to the allegations in paragraph 67, the NATA Consensus Statement speaks for itself and must be read as a whole. Defendant denies any interpretation of the document that is inconsistent with the meaning of the document as a whole.

68. With respect to the allegations in paragraph 68, the NATA Consensus Statement speaks for itself and must be read as a whole. Defendant denies any interpretation of the document that is inconsistent with the meaning of the document as a whole.

69. With respect to the allegations in paragraph 69, the ACSM and NATA guidelines speak for themselves and must be read as a whole. Defendant denies any interpretation of the documents that is inconsistent with the meaning of the document as a whole.

70. Defendant admits the allegation of paragraph 70 of the Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71 of the Complaint.

72. With respect to the allegations in paragraph 72, the ACSM and NATA guidelines speak for themselves and must be read as a whole. Defendant denies any interpretation of the documents that is inconsistent with the meaning of the document as a whole.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 74 of Plaintiff's Complaint.

75. Defendant admits Jill Geer is a USATF spokesperson. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 74 of Plaintiff's Complaint.

76. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76 of Plaintiff's Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 77 of Plaintiff's Complaint.

78. Defendant admits it has prior experience with Olympic trials. Defendant otherwise denies the allegations in paragraph 78 of Plaintiff's Complaint.

79. Defendant admits that it owed certain duties under applicable law. Defendant otherwise denies the allegations in paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

82. With respect to the allegations of paragraph 82 of the Complaint, Defendant admits that Plaintiff had no authority to postpose the U.S. Olympic Trials and further admits the allegations of paragraph 82 as they relate to fellow athletes. Defendant denies the remaining allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. Defendant admits it outsourced certain functions and responsibilities to TrackTown Events LLC. Defendant otherwise denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 86 of Plaintiff's Complaint.

87. Defendant admits that it owed certain duties under applicable law. Defendant otherwise denies the allegations in paragraph 87 of Plaintiff's Complaint.

88. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 88 of Plaintiff's Complaint.

89. With respect to the allegations of paragraph 89 of Plaintiff's Complaint, Defendant admits that Jonathan Greenleaf, MD, is a board-certified orthopedic surgeon who is fellowship-trained in sports medicine and pediatric orthopedics.

90. Defendant denies the allegations contained in paragraph 90 of Plaintiff's Complaint.

91. Defendant admits the allegations contained in paragraph 91 of Plaintiff's Complaint.

92. Defendant denies the allegations contained in paragraph 92 of Plaintiff's Complaint.

93. With respect to the allegations of paragraph 93 of the Complaint, Defendant admits an announcement was made, and denies awareness of any facts or opinions other than as stated in the announcement.

94. Defendant denies the allegations contained in paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations contained in paragraph 95 of Plaintiff's Complaint.

96. Defendant denies the allegations in paragraph 96 as stated. By way of further answer, Defendant states that the USATF Athlete Advisory Committee ("AAC") is a committee within its governance structure.

97. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 97 of Plaintiff's Complaint.

98. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the start time for the Long Jump on day 2 was at 1:15 p.m. Defendant admits the remaining allegations in paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations contained in paragraph 100 of Plaintiff's Complaint

101. With respect to the allegations of paragraph 101 of Plaintiff's Complaint, Michael Reilly's statement speaks for itself and must be read as a whole. Defendant denies any interpretation of the statement that is inconsistent with the statement as a whole.

102. With respect to the allegations of paragraph 102 of the Complaint, Defendant denies that Plaintiff is accurately characterizing the statement of Michael Reilly. Defendant admits that it had certain responsibilities and functions with respect to the event but denies any allegation inconsistent with applicable law. Defendant denies the remaining allegations of paragraph 102.

103. Defendant admits that it was aware of weather predictions related to projected temperatures before the event in question but denies any other allegation that paragraph 103 of the Plaintiff's Complaint may be making.

104. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 104 of the Complaint.

105. Defendant admits that Plaintiff completed Day 1 of the women's heptathlon but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 105 of the Complaint.

106. Defendant admit it commenced Day 2 of the heptathlon at 1:00 p.m. with the long jump. Defendant denies the remaining allegations in paragraph 106 of Plaintiff's Complaint.

107. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 107 of the Complaint.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108 of the Complaint.

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 109 of the Complaint.

110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 110 of the Complaint.

111. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 111 of the Complaint.

112. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 112 of the Complaint.

113. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 113 of the Complaint.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 114 of the Complaint.

115. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations contained in paragraph 117 of Plaintiff's Complaint.

118. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 118 of the Complaint.

119. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in paragraph 120 of Plaintiff's Complaint.

121. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 121 of the Complaint.

122. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 122 of the Complaint.

123. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 123 of the Complaint.

124. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 124 of Plaintiff's Complaint.

125. Defendant denies the allegations contained in paragraph 125 of Plaintiff's Complaint.

126. Defendant denies the allegations contained in paragraph 126 of Plaintiff's Complaint.

127. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 127 of the Complaint.

128. Defendant admits that at 3:16 p.m. on the day in question, it announced that it was suspending all track and field events until 8:30 p.m. and denies any remaining allegation that paragraph 128 of the Plaintiff's Complaint may be making.

129. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 129 of the Complaint.

130. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 130 of the Complaint.

131. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 of Plaintiff's Complaint.

132. With respect to the allegations of paragraph 132 of Plaintiff's Complaint, Defendant admits that a contingency plan exists and states that the document speaks for itself and denies any allegation inconsistent with the document.

133. Defendant admits the allegations contained in paragraph 133 of Plaintiff's Complaint.

134. Defendant denies the allegations contained in paragraph 134 of Plaintiff's Complaint.

135. Defendant denies the allegations contained in paragraph 135 of Plaintiff's Complaint.

136. With respect to the allegations of paragraph 136, Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations of the first sentence of the paragraph. Defendant denies the allegations contained in the second sentence of paragraph 136.

137. Defendant denies the allegations contained in paragraph 137 of Plaintiff's Complaint.

138. Defendant denies the allegations contained in paragraph 138 of Plaintiff's Complaint.

139. Defendant denies the allegations contained in paragraph 139 of Plaintiff's Complaint.

140. Defendant denies the allegations contained in paragraph 140 of Plaintiff's Complaint.

141. Defendant denies the allegations of paragraph 141 of Plaintiff's Complaint that relate to it. Defendant lack lacks knowledge of information sufficient to form a belief about the truth of the remaining allegation of paragraph 141.

142. Defendant denies the allegations contained in paragraph 142 of Plaintiff's Complaint.

143. With respect to the allegations in paragraph 143, the letter speaks for itself and must be read as a whole. Defendant denies any interpretation of the letter that is inconsistent with the meaning of the letter as a whole.

144. Defendant denies the allegations contained in paragraph 144 of Plaintiff's Complaint.

145. Defendant lack lacks knowledge of information sufficient to form a belief about the truth of the allegations of paragraph 145 of the Complaint.

146. With respect to the allegation of paragraph 146 of the Complaint, the letter from PIC speaks for itself and must be read as a whole. Defendant lacks sufficient knowledge or information to admit or deny the allegation relating to when Plaintiff received the letter.

147. With respect to the allegation of paragraph 147 of the Complaint, the letter from PIC speaks for itself and must be read as a whole. Defendant denies any characterization of the letter inconsistent with it content when read as a whole.

148. With respect to the allegation of paragraph 148 of the Complaint, the letter from PIC speaks for itself and must be read as a whole. Defendant denies any characterization of the letter inconsistent with it content when read as a whole.

149. With respect to the allegation of paragraph 149 of the Complaint, the letter from PIC speaks for itself and must be read as a whole. Defendant denies any characterization of the letter inconsistent with it content when read as a whole.

150. With respect to the allegations in paragraph 150 of Plaintiff's Complaint, Defendant states that the AIA speaks for itself and denies any allegation inconsistent with the AIA. Defendant denies the remaining allegations of paragraph 150.

151. Inasmuch as much as paragraph 151 of Plaintiff's Complaint pertains to Defendant it is hereby admitted.

152. Defendant admits the allegations contained in paragraph 152 of Plaintiff's Complaint.

153. Defendant admits the allegations contained in paragraph 153 of Plaintiff's Complaint.

154. Defendant denies the allegations contained in paragraph 154 of Plaintiff's Complaint.

155. Defendant admits it produced a document which contains information related to Taliyah Brooks' application to participate in the U.S. Olympic Trials and which documents her agreement to the AIA. Defendant otherwise denies the allegations in paragraph 155 of Plaintiff's Complaint.

156. Defendant denies the allegations contained in paragraph 156 of Plaintiff's Complaint.

157. Defendant denies the allegations contained in paragraph 157 of Plaintiff's Complaint.

158. Defendant denies the allegations contained in paragraph 158 of Plaintiff's Complaint.

159. Defendant denies the allegations contained in paragraph 159 of Plaintiff's Complaint.

160. Defendant denies the allegations contained in paragraph 160 of Plaintiff's Complaint.

161. Defendant denies the allegations contained in paragraph 161 of Plaintiff's Complaint.

162. Defendant denies the allegations contained in paragraph 162 of Plaintiff's Complaint, including subparts.

163. Defendant denies the allegations contained in paragraph 163 of Plaintiff's Complaint.

164. Defendant denies the allegations contained in paragraph 164 of Plaintiff's Complaint.

## COUNT I – Declaratory Judgment

165. Defendant incorporates its answers to paragraphs 1 through 164 of Plaintiff's Complaint as if fully set forth.

166. Defendant admits that the Indiana Uniform Declaratory Judgment Act allows an Indiana court to issue a declaratory judgement, but denies any allegation of paragraph 166 of Plaintiff's Complaint that is inconsistent with that Act.  Furthermore, this action was removed to this Court and the Court's authority and/or decision to issue a declaratory judgment is now governed by the Declaratory Judgment Act, 28 U.S.C. § 2201.

167. For the reasons stated in Defendant's Additional/Affirmative Defenses, Defendant denies the allegation of paragraph 167 of the Complaint.

168. Defendant admits the allegations contained in paragraph 168 of Plaintiff's Complaint.

169. Defendant admits the allegations contained in paragraph 169 of Plaintiff's Complaint.

170. Defendant admits the allegations contained in paragraph 170 of Plaintiff's Complaint.

171.   With respect to the allegations of paragraph 171 of the Complaint, Defendant admits there is a dispute between Defendant and Plaintiff concerning the enforceability of the AIA. Defendant denies the remaining allegations of paragraph 171.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of her Complaint and for all other just and proper relief in the premises.

## COUNT II – Injunctive Relief

172.   Defendant incorporates its answers to paragraphs 1 through 171 of Plaintiff's Complaint as if fully set forth.

173.   Defendant admits that Indiana Circuit, Superior and Probate Courts, and the judges of those Courts, have authority to issue restraining orders and injunctions, but this matter has been removed to this Court and Ind. Code § 34-26-1-3 is no longer controlling. Defendant denies that Plaintiff is entitled to an injunction preventing Defendant from relying on the AIA.

174.   Defendant admits the allegations contained in paragraph 174 of Plaintiff's Complaint.

Wherefore, Defendant prays that Plaintiff deny Plaintiff's request for injunctive relief and for all other just and proper relief in the premises.

## **ADDITIONAL/AFFIRMATIVE DEFENSES**

1. The case is not justiciable because there is not yet a ripe case or controversy within the meaning of either the Declaratory Judgment Act, 28 U.S.C. § 2201, or Article III of the Constitution.

2. To the extent the case is justiciable, the Court, in the exercise of its discretion, should decline to declare the rights of the parties to this action because any future action brought by Plaintiff against Defendant for injury or damages arising out of the events set forth in the Complaint and alleging that the injury or damages were caused by conduct on the part of Defendant not rising to the level of gross negligence and/or willful misconduct, will require the resolution of the same legal question or questions raised by the Plaintiff in this matter. This action is, thus, an attempt at "reverse certification," whereby Plaintiff is asking the Court to decide a question or questions of state contract law for use by the same parties in potential future litigation of state-law tort claims.

3. The case violates the rule against claim splitting under which a litigant must advance all available evidence and legal arguments relating to a claim or controversy in the context of a single proceeding.

4. Plaintiff may have failed to state a claim upon which relief can be granted.

5. Plaintiff may have failed to exhaust all administrative requirements or remedies required for her to bring suit.

Wherefore, Defendant prays that Plaintiff take nothing by way of her Complaint and for all other just and proper relief in the premises.

KIGHTLINGER & GRAY, LLP

By  *Jeffrey D. Hawkins*
Jeffrey D. Hawkins, Atty. No.: 19387-49
John B. Drummy, Atty. No.: 4824-49
Zachary F. Tohen, Atty. No.: 34230-07