UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TALIYAH BROOKS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:22-cv-02433-JMS-TAB |
| | ) |
| USA TRACK & FIELD, INC., | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S VERIFIED
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff, by counsel, responds to Defendant's Verified Motion to Enforce Settlement Agreement ("Motion to Enforce") as follows:

1. A motion to enforce a settlement agreement is only in order if there has been a breach of a Settlement Agreement. USATF's Motion to Enforce identifies no such breach.

2. The facts are not in dispute. The Court conducted settlement discussions in which the parties did not communicate to each other directly and, through Magistrate Judge Baker acting as settlement facilitator, agreement was reached on three (3) terms:

   a. Plaintiff will accept $44,000 from USATF to settle the attorneys' fees owed to Plaintiff.

   b. Payment will be made by USATF within fourteen (14) days of receiving a W-9 from Kroger, Gardis & Regas, LLP.

  c. Upon receipt of payment and verification of funds, Plaintiff will file a notice of satisfaction of the outstanding fees with the Court.

 The settlement includes no other agreed upon terms.

 3. After the settlement discussions, counsel for Plaintiff sent counsel for Defendant an email that confirmed the foregoing terms and also asked Defendant's counsel to confirm the undersigned's view that the settlement results in a full and final settlement of the attorneys' fee issues and that this issue would not be raised again through a later effort to seek indemnification.

 4. In response, Defendant's counsel wrote, "[w]e do not agree that we waived the right to indemnification. That issue was never brought to us as being part of the deal."

 5. The foregoing statement by Defendant's counsel confirms that the settlement reached was limited to items (a), (b) and (c) in Paragraph 2 above. Plaintiff's counsel does not dispute that the topic of indemnification was not discussed in the settlement conference or by either party with Judge Baker until after settlement was reached. Defendant's counsel's email of May 23, 2023, in fact confirms that nothing regarding indemnification was discussed by either party with Judge Baker or with each other prior to the settlement being consummated.

 6. Yet, Defendant's counsel has now filed a Motion to Enforce which seeks to put a term explicitly referring to non-waiver of indemnification into the Settlement Agreement.

7. Defendant's counsel asks the Court to "find that such terms [*i.e.*, the terms of the settlement] do not include a waiver of any right Defendant may have to seek indemnification of said payment in the future."

8. This is a backdoor attempt by Defendant's counsel to insert into the Settlement Agreement a non-waiver (or indemnification preservation) term that was never agreed to, by having the Court rule that by entering the settlement set forth in Paragraph 2, Defendant did not waive a right to seek indemnification.

9. However, given indemnification was not discussed during settlement, nor has the Court had the indemnification provision submitted to it for analysis, and there has been no briefing on any waiver issue, the Court is not in a position to conclude whether USATF entering a settlement on attorneys' fees did, or did not, result in a waiver of its right to seek indemnification.

10. Plaintiff respectfully requests therefore that the Court not entertain a Motion to Enforce where both parties agree that the Settlement Agreement terms are simple and include only the three (3) items set forth in Paragraph 2 above, and where Plaintiff is not alleged to have breached any of the terms of the parties' settlement. Rather, at this point, Plaintiff and Defendant merely disagree about the effect the simple settlement entered into may later have on an indemnification claim. This Court should reject Defendant's effort to add a term to the settlement that its own counsel agrees was not discussed.

3

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Enforce be denied as Defendant has identified no breach of the Settlement Agreement by Plaintiff.

        Respectfully Submitted,

        /s/ William Bock, III
        William Bock, III, Atty. No. 14777-49
        Adam Doerr, Atty. No. 31949-53
        KROGER, GARDIS & REGAS, LLP
        111 Monument Circle, Suite 900
        Indianapolis, IN 46204
        Tel: (317) 692-9000
        Fax: (317) 264-6832
        E-mail: wbock@kgrlaw.com
                adoerr@kgrlaw.com

        ATTORNEYS FOR TALIYAH BROOKS

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2023, I filed the foregoing *Plaintiff's Response to Defendant's Verified Motion to Enforce Settlement Agreement* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    John B. Drummy
    Jeffrey D. Hawkins
    April M. Jay
    Zachary F. Tohen
    Kightlinger & Gray LLP
    One Indiana Square, Suite 300
    211 North Pennsylvania Street
    Indianapolis, IN 46204
    jdrummy@k-glaw.com
    jhawkins@k-glaw.com
    ajay@k-glaw.com
    ztohen@k-glaw.com

                                    /s/ William Bock, III
                                    William Bock, III

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000