UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TALIYAH BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02433-JMS-TAB |
| ) | |
| USA TRACK & FIELD, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**

**I.   Introduction**

The issue before the Court is whether the settlement of an underlying dispute between Plaintiff Taliyah Brooks and Defendant USA Track & Field, Inc. included a waiver of Defendant's right to seek indemnification for the settlement payment.  This issue comes to the Court by way of Defendant's verified motion to enforce the settlement agreement reached by the parties on Plaintiff's petition for attorneys' fees.  [Filing No. 62.]  As explained below, the settlement did not include any terms related to waiver or preservation of the right to seek indemnification, so the settlement should not impact Defendant's indemnification rights. Accordingly, the motion to enforce settlement should granted and enforced on the following terms: (1) Plaintiff will receive $44,000 from Defendant in full settlement of the attorneys' fees owed to Plaintiff; (2) payment will be made by Defendant within 14 days of receiving a signed

W-9 form from Plaintiff's counsel; and (3) upon receipt of payment and verification of funds, Plaintiff will file a notice of satisfaction of the outstanding fees with the Court.[1]

**II.     Background**

In March 2023, the Court granted Plaintiff's motion to remand this case to the Marion Superior Court. [Filing No. 37.] Plaintiff then brought a motion for attorneys' fees and expenses incurred due to Defendant's improvident removal. [Filing No. 43.] The undersigned magistrate judge held a status conference with counsel on May 22, 2023, to help the parties resolve Plaintiff's petition for attorney fees. [Filing No. 57.] During that conference, the parties made progress, but were not able to reach an agreement. The magistrate judge proposed a $44,000 settlement figure that the parties ultimately accepted. The Court then issued an order noting that all issues regarding fees were resolved and counsel were instructed to file a formal notice of settlement within 28 days. [Filing No. 57.]

Unfortunately, one day later the parties once again appeared before the undersigned for a telephonic status conference, this time to discuss an issue that had arisen concerning the settlement. [Filing No. 58.] At that conference, the magistrate judge acknowledged a dispute had arisen between the parties, after the original conversations with the Court, regarding whether waiver of indemnification was part of the settlement. The Court vacated the 28-day deadline set

---

[1] Ordinarily, the terms of private parties' settlements may be confidential. However, when the parties ask the Court to determine whether a settlement was reached and what those settlement terms are, the public has a right to know. *See, e.g., Goesel v. Boley Int'l*, 738 F.3d 831, 833-34 (7th Cir. 2013) ("[M]ost settlement agreements never show up in a judicial record and so are not subject to the right of public access. . . . [F]or the most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced."); *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("The public has an interest in knowing what terms of a settlement a federal judge would approve[.]"). Moreover, the parties have not requested that the terms of the settlement remain confidential.

forth in Filing No. 57 and instead ordered the parties, within 14 days, to either: (1) file a formal notice of settlement; (2) file a motion to enforce the settlement agreement; or (3) file a notice that the parties agreed no settlement was reached and that they request rulings on Plaintiff's application for attorney's fees. [Filing No. 60.]

On June 8, 2023, Plaintiff filed a notice of settlement [Filing No. 61], while Defendant filed a motion to enforce settlement [Filing No. 62], which now pends. The parties' filings indicate continued disagreement over whether waiver of indemnification was part of the settlement agreement. In addition, on June 27, 2023, the Court entered an order in which the undersigned noted that, after reviewing the briefs on the motion to enforce, "the magistrate judge concludes that something Defendant's counsel raised and discussed with the magistrate judge in confidence during the May 22 settlement conference may be relevant to the motion to enforce and related briefing." [Filing No. 65, at ECF p. 1.] Thus, the Court set this matter for a hearing on July 17, 2023.

During the July 17 hearing, Defendant's counsel acknowledged that they were aware of what portion of the discussion the Court was referencing in the order setting the hearing. Counsel voluntarily disclosed that during the settlement discussions, when the parties had separate discussions with the magistrate judge, Defendant's counsel asked the undersigned whether there had been any discussion with respect to a waiver of Defendant's claim for indemnity with Plaintiff's counsel. The Court stated that there had been no discussion. Defendant's counsel asked the undersigned to keep this conversation confidential, and the Court obliged. At the July 17 hearing, Plaintiff's counsel acknowledged that he never raised the issue of indemnification with the magistrate judge (or opposing counsel) during the settlement

3

discussions. With this clarification of the underlying facts, Defendant's motion to enforce settlement agreement is now ripe for ruling.

## III. Discussion

Defendant requests that the Court enforce the settlement agreement reached by the parties on Plaintiff's petition for attorneys' fees. Specifically, Defendant requests that the Court find that the terms of the settlement agreement do not include a waiver of any right Defendant may have to seek indemnification of said payment in the future. [Filing No. 62, at ECF p. 5.] Plaintiff opposes Defendant's motion to enforce settlement, arguing that the facts are not in dispute and that agreement was reached on three terms:

(1) Plaintiff will accept $44,000 from Defendant to settle the attorneys' fees owed to Plaintiff.

(2) Defendant will make payment within 14 days of receiving a W-9 form from Plaintiff's counsel.

(3) Upon receipt of payment and verification of funds, Plaintiff will file a notice of satisfaction of the outstanding fees with the Court.

[Filing No. 63, at ECF p. 1-2.] Plaintiff admits, "The settlement includes no other agreed upon terms." [Filing No. 63, at ECF p. 2.] However, in contradiction to this statement, Plaintiff also acknowledges that after the settlement discussions, Plaintiff's counsel emailed Defendant's counsel and asked for confirmation that the settlement "results in a full and final settlement of the attorneys' fee issues **and that this issue would not be raised again through a later effort to seek indemnification**." [Filing No. 63, at ECF p. 2 (emphasis added).]

In response, Defendant's counsel wrote back to Plaintiff's counsel that they did not agree that Defendant waived the right to indemnification and that issue was never brought to them as part of the deal. [Filing No. 62-1, at ECF p. 1.] Plaintiff's counsel now claims that this statement

4

from Defendant's counsel confirms that the settlement reached was limited to the three terms noted above.  In addition, Plaintiff states:

> Plaintiff's counsel does not dispute that the topic of indemnification was not discussed in the settlement conference or by either party with Judge Baker until after settlement was reached.  Defendant's counsel's email of May 23, 2023, in fact confirms that nothing regarding indemnification was discussed by either party with Judge Baker or with each other prior to the settlement being consummated.

[Filing No. 63, at ECF p. 2.]  However, Plaintiff argues that Defendant's motion to enforce seeks to put a term explicitly referring to non-waiver of indemnification into the settlement agreement, which Plaintiff labels as a "backdoor attempt" by Defendant's counsel to insert a non-waiver term into the settlement agreement.  [Filing No. 63, at ECF p. 3.]  Thus, Plaintiff asks that the Court deny Defendant's motion to enforce the settlement agreement.

The undisputed facts show that that parties, working together and with the magistrate judge, reached a settlement on the attorneys' fees dispute in this matter that contained only the following terms:

> (1) Plaintiff will accept $44,000 from Defendant to settle the attorneys' fees owed to Plaintiff.
>
> (2) Defendant will make payment within 14 days of receiving a W-9 form from Plaintiff's counsel.
>
> (3) Upon receipt of payment and verification of funds, Plaintiff will file a notice of satisfaction of the outstanding fees with the Court.

All sides acknowledge that the joint discussion between the parties with the magistrate judge never included any additional term regarding waiver—or non-waiver—of indemnification rights.  Defendant's counsel voluntarily disclosed during the July 17, 2023, hearing that Defendant asked the magistrate judge in confidence whether he had any discussion with opposing counsel regarding waiver of indemnification.  Thus, the only reference to indemnification occurred between Defendant's counsel and the undersigned during the confidential, one-sided portion of

5

the settlement discussions. Defendant never raised the issue of indemnification to Plaintiff, and Defendant did not agree to waive its indemnification rights as a term of settlement.

Plaintiff's counsel acknowledged at the hearing that Plaintiff never raised the issue of indemnification with the Court during those settlement discussions. Plaintiff's briefing on Defendant's motion to enforce further indicates Plaintiff does not dispute that her counsel never spoke to Defendant (or the magistrate judge) about the topic of indemnification rights, and the agreed settlement contained only the above-referenced three terms. If waiver of indemnification was a material term of settlement to Plaintiff, Plaintiff's counsel should have raised it during the settlement discussions. They did not do so. Therefore, waiver of the parties' indemnity agreement was not a term of settlement, and Defendant's motion to enforce settlement agreement [Filing No. 62] should be granted.

Thus, the magistrate judge effectively agrees with Plaintiff and her formal notice of settlement—the parties reached a settlement agreement, and the agreement contained only the following terms: (1) Plaintiff will receive $44,000 from Defendant in full settlement of the attorneys' fees owed to Plaintiff; (2) payment will be made by Defendant within 14 days of receiving a signed W-9 form from Plaintiff's counsel; and (3) upon receipt of payment and verification of funds, Plaintiff will file a notice of satisfaction of the outstanding fees with the Court. However, the magistrate judge does not agree that by implication of reaching a settlement figure, Defendant waived its right to seek indemnification. Defendant never agreed to waive its indemnification rights during the settlement negotiations or in reaching the agreed upon settlement figure, and Plaintiff did not mention indemnification as a material term of settlement. Therefore, this agreement should not foreclose Defendant's ability to seek indemnification from Plaintiff in the future for these settlement proceeds.

### III.    Conclusion

For these reasons, Defendant's motion to enforce settlement agreement [Filing No. 62] should be granted consistent with the terms set forth above.  Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 7/17/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email