UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TALIYAH BROOKS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 1:22-cv-02433-JMS-TAB |
| *vs.* | ) | |
| | ) | |
| USA TRACK & FIELD, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

**ORDER**

Plaintiff Taliyah Brooks, a track and field athlete, initiated this action against Defendant USA Track & Field, Inc. ("USATF") in Marion Superior Court seeking declaratory and injunctive relief related to a Waiver and Release of Liability, Assumption of Risk and Indemnity Agreement that she signed before competing in an event during which she was injured. On December 20, 2022, USATF removed the case to this Court, [Filing No. 1], and Ms. Brooks subsequently sought to remand the case to Marion Superior Court, [Filing No. 25]. On March 7, 2023, the Court granted Ms. Brooks' Motion to Remand and also granted her request for attorneys' fees and expenses. [Filing No. 37 at 15.] Protracted litigation regarding the issue of attorneys' fees followed, including Ms. Brooks' filing of an Application for Attorneys' Fees and Expenses (the "Fee Motion"), [Filing No. 43], and USATF's filing of a Motion to Strike Affidavits Attached to Plaintiff's Reply in Support of Application for Fees (the "Motion to Strike"), [Filing No. 50]. Magistrate Judge Timothy Baker conferred with the parties regarding the Fee Motion and the Motion to Strike and the parties reached a settlement, but that quickly fell apart over a disagreement regarding the settlement's scope. Subsequently, USATF filed a Motion to Enforce Settlement. [Filing No. 62.] Magistrate Judge Baker then issued a Report and Recommendation in which he recommended that

the Court grant the Motion to Enforce Settlement, [Filing No. 67], and Ms. Brooks filed an Objection to the Report and Recommendation, [Filing No. 68]. USATF's Motion to Enforce Settlement and Ms. Brooks' Objection to the Report and Recommendation are ripe for the Court's consideration.

# I.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that the Court will review recommendations on dispositive motions – as is USATF's Motion to Enforce Settlement – *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3). Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Pro. Health Servs., Inc.*, 1999 WL 527927, at *2 (7th Cir. July 20, 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context.

# II.
## BACKGROUND

After the Court remanded this case to Marion Superior Court, Ms. Brooks filed the Fee Motion. [Filing No. 43.] USATF then filed its Motion to Strike related to exhibits that Ms. Brooks had attached to her reply in support of the Fee Motion. [Filing No. 50.] On May 22, 2023, Magistrate Judge Baker held a status conference in an attempt to help the parties agree on a resolution of the Fee Motion. [Filing No. 57.] When the parties were unable to reach an agreement, Magistrate Judge Baker proposed a $44,000 settlement figure that the parties ultimately accepted, and Magistrate Judge Baker issued an Order noting that "all issues regarding fees were resolved." [Filing No. 57; Filing No. 67 at 2.]

On May 24, 2023, Magistrate Judge Baker held another status conference in which the parties advised that they had a disagreement regarding the scope of their settlement agreement. [*See* Filing No. 60.] Specifically, Ms. Brooks took the position that the settlement agreement precluded USATF from seeking indemnification from Ms. Brooks for the $44,000 settlement payment to her, while USATF asserted that the indemnification issue had never been raised in settlement discussions and that it was not precluded from later seeking indemnification. [*See* Filing No. 67 at 4-5.] Magistrate Judge Baker vacated deadlines he had set related to timing of the settlement payment and ordered the parties to either: (1) file a formal notice of settlement; (2) file a motion to enforce the settlement agreement; or (3) file a notice that the parties agreed no settlement was reached and request a ruling on Ms. Brooks' Fee Motion. [Filing No. 60.]

On June 8, 2023, Ms. Brooks filed a Notice of Settlement, [Filing No. 61], but USATF filed a Motion to Enforce Settlement, [Filing No. 62]. Magistrate Judge Baker issued his Report and Recommendation on July 17, 2023, recommending that the Court grant USATF's Motion to Enforce Settlement and find that USATF never agreed to waive its right to seek indemnification from Ms. Brooks as part of the settlement. [Filing No. 67.] Ms. Brooks filed her Objection on July 31, 2023. [Filing No. 68.]

## III.
### DISCUSSION

### A.   USATF's Motion to Enforce Settlement

In support of its Motion to Enforce Settlement, USATF argued that any agreement to waive its right to seek indemnification for the $44,000 payment was a new term, was not previously discussed by the parties, and was not part of the settlement agreement. [Filing No. 62 at 2-3.] USATF noted that when it contacted Ms. Brooks' attorney the day after the Magistrate Judge ordered the parties to either file a notice of settlement, file a motion to enforce the settlement

agreement, or file a notice that the parties agree no settlement was reached, her attorney then took the position that a settlement had occurred, but continued to claim that USATF would have to waive its right to indemnification. [Filing No. 62 at 4.] USATF requested that the Court enforce the terms of the settlement agreement, find that the settlement agreement does not require USATF to waive any right it may have to indemnification, and require USATF to tender a settlement check to Ms. Brooks within 3 business days of the date the Court rules on the Motion to Enforce Settlement. [Filing No. 62 at 4-5.]

In her response, Ms. Brooks acknowledged that she does not dispute that "the topic of indemnification was not discussed in the settlement conference or by either party with Judge Baker until after settlement was reached," but argued that USATF "seeks to put a term explicitly referring to non-waiver of indemnification into the Settlement Agreement." [Filing No. 63 at 2.] She asserted that "[t]his is a backdoor attempt by [USATF's] counsel to insert into the Settlement Agreement a non-waiver (or indemnification preservation) term that was never agreed to, by having the Court rule that by entering the settlement…, [USATF] did not waive a right to seek indemnification." [Filing No. 63 at 3.] Ms. Brooks contended that the Court "is not in a position to conclude whether USATF entering a settlement on attorneys' fees did, or did not, result in a waiver of its right to seek indemnification." [Filing No. 63 at 3.]

USATF did not file a reply brief.

**B.**   **Magistrate Judge Baker's Report and Recommendation**

In his Report and Recommendation, Magistrate Judge Baker outlined the background of the parties' dispute and stated that the settlement included only three terms: "(1) [Ms. Brooks] will accept $44,000 from [USATF] to settle the attorneys' fees owed to [Ms. Brooks][;] (2) [USATF] will make payment within 14 days of receiving a W-9 form from [Ms. Brooks'] counsel[; and] (3)

Upon receipt of payment and verification of funds, [Ms. Brooks] will file a notice of satisfaction of the outstanding fees with the Court." [Filing No. 67 at 5.] Magistrate Judge Baker noted that "[a]ll sides acknowledge that the joint discussion between the parties with the magistrate judge never included any additional term regarding waiver – or non-waiver – of indemnification rights," and that while USATF asked Magistrate Judge Baker during the confidential, one-sided portion of the settlement conference whether there had been any discussion of waiver of indemnification with Ms. Brooks' counsel, USATF "never raised the issue of indemnification to [Ms. Brooks], and [USATF] did not agree to waive its indemnification rights as a term of settlement." [Filing No. 67 at 5-6.] Magistrate Judge Baker also noted that "[i]f waiver of indemnification was a material term of settlement to [Ms. Brooks], [her] counsel should have raised it during the settlement discussions. They did not do so…. [The settlement agreement] should not foreclose [USATF's] ability to seek indemnification from [Ms. Brooks] in the future for these settlement proceeds." [Filing No. 67 at 6.] Magistrate Judge Baker recommended that the Court grant the Motion to Enforce Settlement. [Filing No. 67 at 7.]

      **C.**     **Ms. Brooks' Objection**

In her Objection, Ms. Brooks states that she objects only to the following two sentences in Magistrate Judge Baker's Report and Recommendation: (1) "However, the magistrate judge does not agree that by implication of reaching a settlement figure, [USATF] waived its right to seek indemnification"; and (2) "Therefore, this agreement should not foreclose [USATF's] ability to seek indemnification from [Ms. Brooks] in the future for these settlement proceeds." [Filing No. 68 at 1.] Ms. Brooks argues that these two sentences "go beyond the scope of the issue submitted to the Magistrate Judge for decision as they set forth the Magistrate Judge's opinion on one or more legal issues not before the court, viz. whether 'by implication of reaching a settlement figure,

[USATF] waived its right to seek indemnification' and whether the oral settlement agreement should or 'should not foreclose [USATF's] ability to seek indemnification from [Ms. Brooks] in the future for these settlement proceeds.'" [Filing No. 68 at 2.] Ms. Brooks notes that the Marion Superior Court may decide indemnification issues in the future, so the two sentences she objects to should be deleted from the Report and Recommendation. [Filing No. 68 at 3.]

USATF did not respond to Ms. Brooks' Objection.

**D.     The Court's Ruling**

The parties' dispute regarding the settlement of the attorneys' fee issue started out as a simple one – Ms. Brooks wanted the terms of the settlement to preclude USATF from seeking indemnification from her for the $44,000 settlement amount, and USATF took the position that giving up the option of seeking indemnification was not part of the settlement.  Ms. Brooks' counsel articulated the issue in a May 24, 2023 email to USATF's counsel, when he characterized the settlement agreement as providing that "neither USATF nor USATF's insurer will seek to recover any amount of this payment from [Ms. Brooks] or anyone else via any indemnification agreement or argument." [Filing No. 62-2 at 1.] Ms. Brooks has since shifted her focus, and now articulates her concern as "the effect the simple settlement entered into may later have on an indemnification claim." [Filing No. 63 at 3.]  In other words, she seems to concede that USATF never agreed as part of the settlement terms to forego a future indemnification claim, but wants to be able to argue in the future that the mere fact of settlement, or the agreement to a settlement amount, precludes USATF from seeking indemnification.  This is different than the issue her counsel first raised on May 24, 2023.  Indeed, the parties appear to agree that the terms of the settlement agreement themselves do not prohibit USATF from seeking indemnification from Ms. Brooks.

The Court agrees with Magistrate Judge Baker that the terms of the settlement agreement do not include an agreement by USATF to forego pursuing indemnification of the settlement amount from Ms. Brooks. This finding is not outside the scope of the issues raised and is necessary to resolve the Motion to Enforce Settlement. Moreover, this finding does not add a term to the settlement agreement. Importantly, however, the Court makes no finding regarding whether the mere fact of settlement, or USATF's agreement to a settlement amount, somehow prohibits USATF from seeking indemnification. Whether USATF is precluded from being indemnified independent of the terms of the settlement agreement – based on the mere fact that USATF entered into the settlement agreement, or otherwise – is not a question that is before the Court and is not a question that Magistrate Judge Baker specifically addressed in his Report and Recommendation. That said, in an effort to clarify the issue, to the extent that the Report and Recommendation can be read to recommend a judicial finding that the fact of the settlement (not its terms) does not preclude USATF from seeking indemnification for the settlement amount – as suggested in Ms. Brooks' Objection – the Court **SUSTAINS** the Objection, [Filing No. 68], and **DECLINES TO ADOPT** any portion of the Report and Recommendation which recommends such a finding. The Court **ADOPTS** the Report and Recommendation, [Filing No. 67], to the extent that it recommends granting the Motion to Enforce Settlement, and **GRANTS** the Motion to Enforce Settlement, [Filing No. 62].

### IV. CONCLUSION

For the foregoing reasons, the Court

- **SUSTAINS** Ms. Brooks' Objection, [68], to the extent that the Court **DECLINES TO ADOPT** any portion of the Report and Recommendation, [67], that recommends a finding that the fact of the settlement (not its terms) does not preclude USATF from seeking indemnification for the settlement amount;

- **ADOPTS** the Report and Recommendation to the extent it recommends granting USATF's Motion to Enforce Settlement, [67];

- **GRANTS** USATF's Motion to Enforce Settlement, [62];

- Because USATF has been in possession of Ms. Brooks' counsel's W-9 for some time, **ORDERS** USATF to provide payment of the $44,000 settlement amount to Ms. Brooks' counsel by **August 30, 2023**;

- **ORDERS** Ms. Brooks to file a notice of satisfaction of the outstanding fees with the Court **within two business days** of receiving payment;

- **DENIES AS MOOT** Ms. Brooks' Application for Attorneys' Fees and Expenses, [43]; and

- **DENIES AS MOOT** USATF's Motion to Strike Affidavits Attached to Plaintiff's Reply in Support of Application for Fees, [50].

Once the notice of satisfaction of the outstanding fees is filed, the Court will close this case.

Date: 8/23/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**